PAUL R. ALBANESIUS ET AL. v. PEERLESS RUBBER MANU-
FACTURING COMPANY.

Argued June 11, 1907—Decided November 11, 1907.

1. Where the true location of premises is doubtful, a practical loca-
tion by consent of the parties will aid in the construction of the
deed, and in some instances be conclusive as to the boundaries
thus fixed, although the acquiescence be for a period less than
twenty years.

2. The evidence of practical location in this case between the parties
or their predecessors in title was such that, taken in connection
with the other evidence, it was *held* that the verdict for the
plaintiffs must be set aside as being contrary to the clear weight
of the evidence, and a new trial granted.

On rule to show cause.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the rule, *John Griffin.*

*Contra, Randolph Perkins.*

The opinion of the court was delivered by

HENDRICKSON, J.   This was an action of ejectment brought
by plaintiffs to recover of defendant, an adjoining owner, the
possession of a gore of land, triangular in shape, having a
width of one foot and two inches at the base, the side lines
forming an angle fifty-four feet from the base, over which,
as plaintiffs contend, the defendant's brick factory building
projects on its easterly side.   The defendant denies the alleged
trespass.   The case was tried at the Hudson Circuit and re-
sulted in a verdict for the plaintiffs.   The trial judge, to whom
the case had been referred upon the application of the defend-
ant, allowed a rule to show cause to be entered why the verdict
should not be set aside and a new trial granted.   The reasons
upon which the defendant has relied in the argument are that

the verdict is against the clear weight of the evidence; that the denial of a motion to nonsuit and to direct a verdict for the defendant was error. Under the reason first assigned we have carefully examined the evidence returned on both sides with the exhibits and will briefly state our conclusions upon this point. The case shows that the parties derive title from a common source and that the only question in the case is as to the true location of the boundary between them. The premises are situate in the township of North Bergen, county of Hudson. The lots in question are situate in a block of land located upon a map referred to in the title deeds of both sides as "Map of Glahnville," &c., filed in the clerk's (now register's) office of said county on July 11th, 1854. Glahnville was a section of New Durham, taking its name from that of one of the owners who laid it out in lots. The block in which the lots in question are located is bounded, according to the map, on the north by Fisher avenue, east by Fourth street and west by Fifth street. The lots in question face on Fisher avenue, at the southeast corner of Fisher avenue and Fifth street, the defendant having the corner lot, twenty-five feet front, and the plaintiffs the next adjoining lot on the east with frontage of fifty feet. The lots have a depth of one hundred feet. The description in defendant's title deeds calls for, "Beginning at the southeasterly corner of said streets, running thence southerly, along the easterly side of Fifth street, one hundred feet," &c. The description in plaintiffs' deeds calls for, "Beginning at a point in the southerly line of Fisher avenue, distant twenty-five feet easterly from the southeasterly corner of said Fisher avenue and Fifth street, as shown on said map," &c. The descriptions make no call for the adjoining lot, but the block is shown to be two hundred feet in length, and by scaling according to the scale of the map, as ascertained by the surveyors from experiment, the width of Fifth street was about thirty-three feet, and of Fourth street thirty-eight feet. The streets seem to have been unimproved at the time of the survey and filing of the map and are not laid down with reference to fixed monuments and the courses are not given.

The plaintiffs, in addition to the offer of their chain of title and maps, called their surveyor, who had made surveys in 1892 for other parties in that vicinity, and who in doing so noted the location of the fences on both sides of Fifth street, and produced his notes at the trial. Later, in 1906, the witness had made a survey for the plaintiffs, after defendant's building had been erected, and again noted the location of the fence on the easterly side of Fifth street, north of Fisher avenue, and testified that using his former notes and extending the line of fence on the easterly side of Fifth street, north of Fisher avenue, across Fisher avenue to the south of it, it struck the same line on which he had found the fence on the easterly side of Fifth street, adjacent to the lots in question in 1892. The testimony tended to prove that taking the location of this fence as on the easterly line of Fifth street, the defendant's building was over the plaintiffs' westerly line to the extent above defined.

The defendant in reply called two or more reputable surveyors, one of whom had occasion to make surveys in the vicinity and to locate the fence on both sides of Fourth avenue as early as 1890, and who had lately surveyed and measured the block and the lots in question, who testified that the easterly side of defendant's building was within the easterly line of its lot. In addition the defendant called a number of witnesses, who testified that they had been familiar with these lots and the persons occupying them for more than twenty years before the plaintiffs had acquired their lot, the date of which was July, 1905, and that during the ownership and occupancy of these lots and the houses thereon by the predecessors in title of both of the parties to the suit, they noticed that a fence existed and was kept up between the respective lots running from Fisher avenue back to the southerly line of the same. This was some evidence of practical location of the line now in dispute and of acquiescence therein by such owners. The value of such evidence under the circumstances was recognized in the case of *Spottiswood* v. *Morris and Essex Railroad Co.*, 32 *Vroom* 322 (at *p.* 339), by Mr. Justice Depue, afterwards

Chief Justice, who, in delivering the opinion, said: "The general doctrine of the law is that where the true location of premises conveyed by a deed is doubtful, a practical location by consent of the parties will aid in the construction of the deed, and in some instances be conclusive as to the boundaries thus fixed, although the acquiescence be for a period less than twenty years." See also *Jackson* v. *Perrine, 6 Id.* 137; *Baldwin* v. *Shannon,* 14 *Id.* 596; *Den* v. *Van Houten,* 2 *Zab.* 61. There was no attempt made, apparently, by the plaintiffs to contradict the evidence of practical location above alluded to.

It was also in proof that before the defendant erected the building upon its lot, the surveyor of the defendant in 1905 located the easterly line of defendant's lot by marks on the curb in front and on a building in the rear, and that after the factory building was erected on the corner he again examined these marks and found that the easterly wall was three-quarters of an inch west of the line so marked out. It was also proven by the mason who excavated for the wall that the wall was placed upon the line of the old fence, which was then taken down.

As to whether the evidence of practical location and acquiescence in this case is sufficient to work an estoppel as against the plaintiffs we need not discuss, because the question is not before us. We think, however, that treating this evidence as only bearing upon the question of the true location of the line in controversy, in connection with the other proofs, the verdict of the jury is against the clear weight of the evidence. Having reached this conclusion upon the defendant's first ground of contention, we need not discuss the other grounds for reversal. The result is that the verdict will be set aside and a *venire de novo* issued.